UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLARK NEXSEN, INC. and
MEB GENERAL CONTRACTORS, INC.,

    Plaintiffs,

v.                                                Case No. _____

REBKEE CO. and
ARIA GROUP ARCHITECTS, INC.,

    Defendants.

## COMPLAINT

Plaintiffs Clark Nexsen, Inc. ("Clark Nexsen") and MEB General Contractors, Inc. ("MEB") (collectively, "Plaintiffs") complain as follows against defendant REBKEE Co. ("REBKEE") and Aria Group Architects, Inc. ("Aria Group") (collectively, "Defendants"):

### Nature of Action

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 101, *et seq.*, and for unjust enrichment and tortious interference with business expectancy.

### Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over Clark Nexsen's copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law under 28 U.S.C. § 1367, as those claims are so related to the copyright claims that they form part of the same case or controversy.

3. This Court has personal jurisdiction over Defendants because Defendants are doing business in Virginia and in this judicial district and the acts complained of herein occurred in Virginia and in this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred here and under 28 U.S.C. § 1400(a) because REBKEE resides or is found here.

## Parties

5. Plaintiff Clark Nexsen, Inc. is a Virginia corporation with its principal place of business in Virginia Beach, Virginia.

6. Plaintiff MEB General Contractors, Inc. is a Virginia corporation with its principal place of business in Chesapeake, Virginia.

7. Defendant REBKEE Co. is a Virginia corporation with its principal place of business in Richmond, Virginia.

8. Defendant Aria Group Architects, Inc. is an Illinois corporation registered to do business in Virginia.

## Facts

9. In 2018, Henrico County issued a Request for Proposals ("RFP") under the Public Private Education Facilities and Infrastructure Act ("PPEA"), Va. Code §§ 56-575.1, *et seq.*, for design and construction of a sports and convocation center (the "Project").

10. In response to the RFP, MEB and Clark Nexsen submitted a proposal as a design-build team. The County short-listed the MEB/Clark Nexsen team in late 2018 to submit detailed proposals and be interviewed.

11. After failing to purchase the land needed for the Project, Henrico County issued a second RFP on August 1, 2019, for the Project.

12. Again, MEB and Clark Nexsen submitted a proposal as a design-build team.

13. On or about October 31, 2019, Henrico County notified MEB that it had purchased property for the Project from REBKEE and engaged REBKEE for certain development aspects of the Project. At the same time, Henrico County was impressed by MEB/Clark Nexsen's technical proposals and encouraged MEB/Clark Nexsen to work with REBKEE to provide design-build services.

14. MEB and REBKEE held several meetings to discuss the opportunity to partner on the Project. MEB submitted proposals to REBKEE and REBKEE selected MEB as the design-builder for the project. At REBKEE's request, MEB solicited proposals from three design firms and selected Clark Nexsen as the best value design partner.

15. Beginning in December 2019, MEB and Clark Nexsen served as the design-build team responsible for developing plans, layouts, design and construction cost estimates, and building programming to assist REBKEE in developing the Project for Henrico County. MEB and Clark Nexsen's efforts included dozens of meetings with REBKEE, Henrico County, subcontractors, and suppliers and tours of comparable facilities around the southeastern United States.

16. At REBKEE's request, Clark Nexsen created several iterations of schematic designs, renderings, and technical drawings (collectively, the "Drawings") for the Project. Clark Nexsen marked the Drawings "Proprietary and Confidential" before providing to REBKEE.

17. In addition to Clark Nexsen's Drawings, MEB and Clark Nexsen, at REBKEE's request, drafted several construction cost estimates for the Project.

18. MEB and Clark Nexsen invested significant time and out-of-pocket costs to support REBKEE's pursuit of this Project, including fees paid to third parties for geotechnical services, civil designs, and a feasibility study that MEB and Clark Nexsen provided to REBKEE as part of the team pursuit of the Project.

19. Between December 2019 and May 2020, MEB and/or Clark Nexsen met with REBKEE at least 16 times regarding the Project. Representatives of Henrico County attended at least four of those meetings.

20. In numerous communications with Clark Nexsen, MEB, and third parties, REBKEE referred to the relationship between MEB, Clark Nexsen, and REBKEE as a "team" effort to secure the Project with MEB and Clark Nexsen acting as the design-build team for REBKEE.

21. In email correspondence with MEB, REBKEE expressly referred to the relationship between REBKEE and the MEB/Clark Nexsen design-build team as one of "trust."

22. On December 6, 2019, MEB and REBKEE, together with officials from Henrico County, toured an indoor sports facility in Virginia Beach to gather information for the design of the Project. Throughout this tour, REBKEE introduced and referred to MEB as its design-build partner.

23. On December 17, 2019, MEB, Clark Nexsen, and REBKEE held a design-build kickoff meeting to discuss the Project.

24. On January 16, 2020, MEB, Clark Nexsen, and REBKEE jointly toured several existing indoor sports centers in the eastern United States to gather information about such facilities for use in designing the Project. MEB provided the transportation for this tour, including use of MEB's corporate aircraft.

25. On February 29, 2020, MEB submitted a Pay Application, attached hereto as **Exhibit 1**, to REBKEE for $294,334.50 for the engineering, design, and project development work MEB and Clark Nexsen had performed to that point. REBKEE refused to pay the invoice and said it would pay only $50,000.00 against the total due. REBKEE did not make any such payment, however.

26. Henrico County paid MEB $50,000.00 as partial payment for MEB and Clark Nexsen's work. There was no agreement, written or oral, to transfer, assign, or license Clark Nexsen's copyright or other interest in the Drawings in exchange for this payment.

27. In preparation for a March 12, 2020, meeting with Henrico County regarding the Project, REBKEE asked MEB to provide updated versions of Clark Nexsen's Drawings, but without the restrictive legend "Proprietary and Confidential" on the Drawings. MEB declined to remove the restrictive legend. REBKEE specifically represented to MEB that Henrico County did not want MEB or Clark Nexsen at the March 12, 2020, meeting.

28. Following its March 12, 2020, meeting with Henrico County, REBKEE requested Clark Nexsen make changes to the Drawings. Clark Nexsen made the requested changes and provided the additional Drawings to REBKEE for presentation to Henrico County on May 11, 2020.

29. Clark Nexsen is the sole owner of the copyright in all the Drawings it prepared for the Project. A copy of the Drawings is attached as **Exhibit 2**.

30. MEB subsequently learned that REBKEE was using Clark Nexsen's Drawings to solicit design and construction proposals from other companies in direct competition with the MEB/Clark Nexsen design-build team, and in an effort to remove MEB and Clark Nexsen from the Project.

31. On July 23, 2020, REBKEE represented to MEB that Henrico County had directed REBKEE to cancel the design-build arrangement with MEB/Clark Nexsen and to solicit the Project in a traditional design-bid-build method, contracting with a design firm and contractor separately. Henrico County officials have informed MEB/Clark Nexsen that this representation by REBKEE is false.

32. The United States Copyright Office has issued a Certificate of Registration to Clark Nexsen for the Drawings. The registration number is VAu 1-409-155 and the effective date of the registration is July 31, 2020.

33. On July 31, 2020, MEB and Clark Nexsen, by counsel, sent REBKEE a cease and desist letter demanding that REBKEE cease all further use of the Drawings; destroy all print and electronic copies of the Drawings; and advise anyone to whom it had provided copies of the Drawings that they must destroy all copies of the Drawings and that any use of them is an infringement of Clark Nexsen's copyright. A copy of MEB and Clark Nexsen's letter to REBKEE is attached as **Exhibit 3**.

34. REBKEE responded, by counsel, on August 6, 2020, denying that it had infringed Clark Nexsen's copyright and asserting that it had the right to use Clark Nexsen's work because Henrico County paid Clark Nexsen $50,000. REBKEE's response letter is attached as **Exhibit 4**.

35. MEB and Clark Nexsen, by counsel, replied to REBKEE's counsel on August 14, 2020, addressing the legal and factual mistakes asserted by REBKEE and notifying REBKEE that Clark Nexsen had registered its copyright in the Drawings. A copy of this reply is attached as **Exhibit 5**.

36. On August 17, 2020, REBKEE, by counsel, responded to MEB and Clark Nexsen, acknowledging Clark Nexsen's copyright in the Drawings and asserting that REBKEE "does not

intend to make any use of the Drawing (or any designs contained therein)." A copy of this letter is attached as **Exhibit 6**.

37. On October 9, 2020, MEB and Clark Nexsen, by counsel, demanded payment from REBKEE for REBKEE's unauthorized use of Clark Nexsen's architectural works and designs and MEB's engineering, design, and project development work for the Project. A copy of this demand is attached as **Exhibit 7**. REBKEE did not respond.

38. On October 13, 2020, at a work session conducted by the Henrico County Board of Supervisors regarding the Project, REBKEE participated in a presentation using the Drawings, with only superficial modifications. A copy of the Drawings, as presented by REBKEE at the October 13, 2020, work session, is attached as **Exhibit 8** and referred to herein as the "Infringing Drawings". This use of the Infringing Drawings is directly contrary to the assurances provided by REBKEE's counsel in her August 17, 2020, letter acknowledging Clark Nexsen's copyright in the design for the Sports and Event Center.

39. REBKEE and Henrico County have represented that the Infringing Drawings presented at the October 13, 2020, Board of Supervisors' work session were created by Aria Group. Neither REBKEE, Henrico County, nor Aria Group have any right or license to use the Drawings for any purpose, including copying the Drawings, modifying the Drawings in any fashion, or distributing copies of the Drawings.

40. Upon information and belief, REBKEE provided Aria Group with copies of the Drawings.

41. Aria Group prepared the Infringing Drawings by copying the Drawings, including the Drawing's original features. The Infringing Drawings are copies of the Clark Nexsen Drawings with only minor, insignificant changes. For example, in the Infringing Drawings, Aria Group

7

flipped the orientation of the floor plan presented in the Drawings and added a few rooms, while leaving the overall dimensions, square footage, and all other significant features of the layout unchanged.

42. One of the clearest indications that the Infringing Drawings prepared by Aria are a direct copy of the Clark Nexsen's drawings is the square footage and ceiling height listed on both sets of drawings. Clark Nexsen's Drawings show the following as the third and fourth items under the "Minimum Standards Checklist": "• 115,166 SF EVENT SPACE – CLEAR SPAN" and "• 32' MINIMUM CEILING HEIGHT".  On Aria's Infringing Drawings, the third and fourth bullets under the "Minimum Standards Checklist" are shown as: "• 115,166 SF EVENT SPACE – CLEAR SPAN" and "• 32' MINIMUM CEILING HEIGHT" – a verbatim copy. Apart from the unlikelihood that two independently prepared designs would arrive at the exact same square footage and ceiling height, it is even more apparent that Aria simply copied Clark Nexsen's work when it is considered that the square footage on Clark Nexsen's drawings was erroneous. The dimensions of the building shown on Clark Nexsen's Drawings were 179' 4" wide by 648' 4" long – equaling 116,265 square feet, not 115,166 square feet as shown on Clark Nexsen's Drawings. Clearly, Aria's infringement of Clark Nexsen's work was so blatant that they even copied over a typographical error in the Clark Nexsen Drawings.

43. Other original design features that were copied from Clark Nexsen's Drawings to the Infringing Drawings include, without limitation, the following:

    a. The overall layout and all significant features of the design were unchanged.

    b. The legend included on the drawings entitled "Minimum Standards Checklist" was copied verbatim, and all 21 items in the legend– with one minor exception – were copied verbatim onto the Aria Infringing Drawings. The only change in the entire list

8

of 21 items was the change in the first item from "12 *VHSL* BASKETBALL COURTS" on the Clark Nexsen Drawings to "12 *NCAA* BASKETBALL COURTS" on the Infringing Drawings. The other 20 items were copied verbatim.

c. Two large storage spaces were provided by Clark Nexsen on one side of the building and are carried forward directly into the Infringing Drawings.

d. Meeting rooms are in the same location on the Infringing Drawings as on Clark Nexsen's Drawings.

e. Stairs are in the same location on the Infringing Drawings as on Clark Nexsen's Drawings.

f. Restrooms are in same location on the Infringing Drawings as on Clark Nexsen's Drawings.

g. The location and general arrangement of the Administrative area on the Infringing Drawings is almost identical to that shown on Clark Nexsen's drawings, down to the size and location of the closet. The only apparent change is that Aria carved out a small security office inside the larger Administrative Office space provided on Clark Nexsen's Drawings.

h. The elevator and components are in same locations.

i. The kitchen space location and layout is the same on the Aria Infringing Drawings as on Clark Nexsen's Drawings.

j. The room spacing scale is the same on Aria's Infringing Drawings as on Clark Nexsen's Drawings.

k. Aria's Infringing Drawings placed a hallway next to referee rooms in an identical fashion as shown on Clark Nexsen Drawings.

l. The location and size of the first aid room and even its adjacent storage room are identical on Aria's Infringing Drawings to those shown on Clark Nexsen's Drawings.

m. The first floor "Event Area" shown on the Aria Drawings is a direct copy of Clark Nexsen's design for this building feature. One distinctive feature of Clark Nexsen's design for this area was a slightly asymmetrical layout, where the centerline of the seating for this event area is offset from the centerline of the building. This was a wholly original and unusual layout by Clark Nexsen and was not specified in the Henrico County RFP or by code requirements. Aria's Infringing Design also shows a slightly asymmetrical layout for the seating in this event area in exactly the same way as shown on Clark Nexsen's Drawings. This clearly demonstrates that Aria simply blatantly copied Clark Nexsen's design for this part of the building as well.

This is only a partial list of the features of the Clark Nexsen Drawings that were copied in a wholesale and indiscriminate manner by Aria in creating the Infringing Drawings.

44. Clark Nexsen's total costs for its designs and the Drawings, less the $50,000.00 payment received, are $240,920.28.

45. MEB's total costs of development work on the Project for its preconstruction services and other development costs, including amounts paid to third parties for civil design work and geotechnical services, are $168,870.07.

46. Clark Nexsen has never assigned or licensed its copyright in the Drawings to Henrico County, REBKEE, Aria Group, or anyone else.

**COUNT I – Clark Nexsen's Claim for Copyright Infringement against Defendants**

47. Clark Nexsen incorporates the foregoing paragraphs herein.

48. Clark Nexsen is the sole owner of the copyright in the Drawings, which are an original work that is fixed in a tangible media of expression and registered with the United States Copyright Office.

49. REBKEE and Aria Group have reproduced, prepared derivative works based upon, and distributed copies of the Drawings without Clark Nexsen's consent. REBKEE persisted in this conduct even after acknowledging Clark Nexsen's ownership of the copyright in the Drawings and assuring Clark Nexsen, through counsel, that it would make no use of the copyrighted Drawings.

50. Defendants' actions violate Clark Nexsen's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Clark Nexsen's exclusive rights to reproduce, prepare derivative works based upon, and distribute copies of the Drawings.

51. Defendants' infringement has been willful, knowing, and with intent to financially gain from the infringing use of the Drawings.

52. Because of Defendants' infringing acts, Clark Nexsen is entitled its actual damages and Defendants' profits attributable in an amount to be proved at trial and all other relief allowed under the Copyright Act.

53. In the alternative to actual damages and profits, Clark Nexsen is entitled to recover an award of statutory damages for all infringements with respect to the Drawings pursuant to 17 U.S.C. § 504(c). Because Defendants' infringement was committed willfully, Clark Nexsen is entitled to enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2)

54. Defendants' infringement has caused and is causing irreparable harm to Clark Nexsen, for which it has no adequate remedy at law. Unless the Court restrains Defendants from infringing on Clark Nexsen's protected work, the harm will continue to occur. Accordingly,

Clark Nexsen is entitled to a permanent injunction against Defendants' use of, reproduction of, preparation of derivative works (including the Infringing Drawings) based upon, or distribution of copies of the Drawings pursuant to 17 U.S.C. § 502.

55. Clark Nexsen is entitled to an order that Defendants' drawings, renderings, designs, plans, and other works, including those prepared by third parties at Defendants' direction, that infringe on Clark Nexsen's copyright, including the Infringing Drawings, as well as any other materials that contain or are derived from the Drawings, be impounded pursuant to 17 U.S.C. § 503.

56. Clark Nexsen is entitled, pursuant to 17 U.S.C. § 505, to an award of its full costs, including reasonable attorneys' fees, incurred in this action.

### COUNT II – Clark Nexsen's Claim for Unjust Enrichment against REBKEE

57. Plaintiffs incorporate the foregoing paragraphs.

58. Clark Nexsen has conferred a benefit on REBKEE by providing the Drawings and the design work necessary for REBKEE's work on the Project.

59. REBKEE has received the benefit of Clark Nexsen's Drawings and design work and should have reasonably expected to repay Clark Nexsen for that benefit.

60. REBKEE accepted and retained the benefit provided by Clark Nexsen without paying for its value.

61. The acceptance and retention by REBKEE of the benefit provided by Clark Nexsen under such circumstances is such that it would be inequitable for REBKEE to retain that benefit without paying the value thereof and would amount to an unjust enrichment.

62. The reasonable value of the benefit that Clark Nexsen conferred upon REBKEE, less the $50,000.00 payment received, is at least $240,920.28.

63. Clark Nexsen is entitled to an award of quantum meruit against REBKEE in the amount of at least $240,920.28, plus interest and costs.

### COUNT III – MEB's Claim for Unjust Enrichment against REBKEE

64. Plaintiffs incorporate the foregoing paragraphs.

65. MEB has conferred a benefit on REBKEE by providing the engineering and project development work necessary for REBKEE's work on the Project.

66. REBKEE has received the benefit of MEB's engineering and project development work and should have reasonably expected to repay MEB for that benefit.

67. REBKEE accepted and retained the benefit provided by MEB without paying for its value.

68. The acceptance and retention by REBKEE of the benefit provided by MEB under such circumstances is such that it would be inequitable for REBKEE to retain that benefit without paying the value thereof and would amount to an unjust enrichment.

69. The reasonable value of the benefit that MEB conferred upon REBKEE is at least $168,870.07.

70. MEB is entitled to an award of quantum meruit against REBKEE in the amount of at least $168,870.07, plus interest and costs.

### COUNT IV – Plaintiffs' Claim of Tortious Interference with Business Expectancies against REBKEE

71. Plaintiffs incorporate the foregoing paragraphs.

72. MEB and Clark Nexsen had a valid business expectancy that they would be the design-build team for the Project.

73. REBKEE knew of, and encouraged, MEB and Clark Nexsen's business expectancy in the Project.

74. REBKEE intentionally interfered with MEB and Clark Nexsen's business expectancy, inducing or causing Henrico to exclude MEB and Clark Nexsen from the Project.

75. REBKEE used improper methods to interfere with MEB and Clark Nexsen's business expectancy, including REBKEE's infringement of Clark Nexsen's copyright.

76. As a result of REBKEE's tortious conduct, MEB and Clark Nexsen have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

Plaintiffs Clark Nexsen and MEB pray for judgment in their favor against Defendant REBKEE and Aria Group as follows:

A. That Defendants' drawings, renderings, designs, plans, and other works, including the Infringing Drawings and those prepared by third parties at Defendants' direction, that infringe on Clark Nexsen's copyright, as well as any other materials that contain or are derived from the Drawings, be impounded and destroyed;

B. That Defendants be ordered to provide a full accounting to Clark Nexsen for all profits derived from their use of the Drawings;

C. That Defendants be ordered to pay Clark Nexsen its actual damages, including future damages, that Clark Nexsen has sustained or will sustain as a result of the copyright infringement, and that Clark Nexsen be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting;

D. That Defendants be ordered, in the alternative to actual damages and profits, to pay Clark Nexsen enhanced statutory damage for their willful infringement of Clark Nexsen's copyright;

E. That Defendants be permanently enjoined from infringing use of the Drawings;

F. That Defendants be ordered, pursuant to 17 U.S.C. § 505, to pay Clark Nexsen its full costs, including reasonable attorneys' fees, incurred in this action;

G. That REBKEE be ordered to pay Clark Nexsen in quantum meruit for the benefit it received in the amount of not less than $240,920.28;

H. That REBKEE be ordered to pay MEB in quantum meruit for the benefit it received in the amount of not less than $168,870.07; and

I. Such other and further relief as the Court may deem proper.

Trial by jury is demanded.

Dated: December 7, 2020            Respectfully submitted,

                                        CLARK NEXSEN, INC. and
                                        MEB GENERAL CONTRACTORS, INC.

                                        /s/Anne G. Bibeau
                                        Anne G. Bibeau (VSB No. 41488)
                                        Vandeventer Black LLP
                                        101 W. Main Street, Suite 500
                                        Norfolk, VA 23510
                                        Tel. 757-446-8517
                                        Fax: (757) 446-8670
                                        ABibeau@VanBlackLaw.com

4827-3176-2130