IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLARK NEXSEN, INC., et al.,

      Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:20cv932

REBKEE CO., et al.,

      Defendants.

## MEMORANDUM OPINION

Clark Nexsen, Inc. and MEB General Contractors, Inc. were part of a "design-build" team for a new multisport and convocation center in Henrico County. They were later replaced by Aria Group Architects, Inc. Clark Nexsen and MEB now jointly sue Rebkee Co. and Aria, alleging copyright infringement, unjust enrichment, and tortious interference with a business expectancy. Rebkee moves to dismiss the tortious-interference claim. Because Clark Nexsen and MEB do not plead facts showing that they had a valid business expectancy with Henrico, the Court will grant Rebkee's motion.

## I. FACTS[1]

In 2018, Clark Nexsen and MEB responded to Henrico's Request for Proposals for the design and construction of a sport and convocation center (the "Project"). Henrico initially shortlisted Clark Nexsen and MEB as a "design-build team" for the Project, but later started the search over, issuing a second RFP on August 1, 2019. (ECF No. 1, ¶¶ 10–11.) Clark Nexsen and MEB submitted a second "design-build team" proposal, but in October 2020 Henrico notified

---

[1] The Court sets forth only those facts relevant to MEB and Clark Nexsen's tortious-interference claim.

MEB that it had selected Rebkee for "certain development aspects of the Project." (*Id.* ¶¶ 12–13.) Henrico "encouraged [Clark Nexsen and MEB] to work with R[ebkee] to provide design-build services." (*Id.* ¶ 13.)

MEB and Rebkee had several meetings "to discuss the opportunity to partner on the Project." (*Id.* ¶ 14.) MEB "submitted proposals"—the Complaint does not explain what kind of proposals—to Rebkee, and Rebkee "selected MEB as the design-builder for the project." (*Id.*) Then, "at R[ebkee's] request, MEB solicited proposals from three design firms" and ultimately selected Clark Nexsen as its design partner. (*Id.*)

From December 2019 through May 2020, Clark Nexsen and MEB "served as the design-build team responsible for developing plans, layouts, design and construction estimates, and building programming to assist R[ebkee] in developing the Project for Henrico County." (*Id.* ¶ 15.) After planning meetings with Rebkee and at Rebkee's request, Clark Nexsen developed proprietary designs and technical drawings and, with MEB, several cost estimates. Henrico attended at least four of these meetings. Henrico also sometimes attended tours of similar sports facilities across the southeast with Rebkee, MEB, and Clark Nexsen. At these meetings, Rebkee often "referred to the relationship between MEB, Clark Nexsen and R[ebkee] as a 'team' effort." (*Id.* ¶ 20.)

In February 2020, MEB submitted a "Pay Application" to Rebkee, requesting $294,334.50 for "engineering, design, and project development work." (*Id.* ¶ 25.) Rebkee refused to pay the full amount, saying it would only pay "$50,000.00 against the total due." (*Id.*) Rebkee never paid MEB anything. Instead, Henrico paid MEB $50,000 as partial payment for MEB's and Clark Nexsen's work.

2

Sometime after the payment dispute, Rebkee asked MEB to remove the "Proprietary and Confidential" labels from Clark Nexsen's design drawings. (*Id.* ¶ 27.) MEB refused. Rebkee also told MEB that Henrico "did not want MEB or Clark Nexsen at [their upcoming] March 12, 2020 meeting." (*Id.*)

MEB later learned that Rebkee "was using Clark Nexsen's Drawings to solicit design and construction proposals from other companies." (*Id.* ¶¶ 28, 30.) On July 23, 2020, Rebkee told MEB that Henrico had told it to "cancel the design-build arrangement" with the plaintiffs and pursue a different planning method. (*Id.* ¶ 31.) Henrico later told MEB and Clark Nexsen that it never told Rebkee to cancel the arrangement. (*Id.*)

## II. DISCUSSION[2]

Rebkee argues that MEB and Clark Nexsen fail to state a claim for tortious interference because they do not allege sufficient facts to establish a valid business expectancy with Henrico. Specifically, Rebkee argues that because Henrico contracted with Rebkee—not with MEB and Clark Nexsen—for the Project, any business expectancy MEB and Clark Nexsen had was with Rebkee, not Henrico. Because MEB and Clark Nexsen do not plead facts showing that they had a business expectancy with Henrico, the Court will dismiss their tortious-interference claim.

---

[2] Rebkee moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

### *A. Legal Standard*

To state a claim for tortious interference with a business expectancy, a plaintiff must allege facts showing that: (1) a valid contractual relationship or business expectancy with a probability of future economic benefit to the plaintiff existed, (2) the defendant knew of the contractual relationship or business expectancy, (3) the defendant intentionally interfered with the relationship, causing a breach of contract or a termination of the relationship or expectancy, and (4) the plaintiff suffered damages. *Cox v. MAG Mut. Ins. Co.*, No. 3:14-cv-377, 2015 WL 1640513, at *4 (E.D. Va. Apr. 9, 2015). A plaintiff must also allege facts showing that "the defendant employed improper methods causing the alleged interference." *Id.* at *4 (quoting *East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 734–35 (E.D. Va. 2012)).[3]

A plaintiff has a valid business expectancy if it has an "objective expectation of future business." *Southprint, Inc. v. H3, Inc.*, 208 F. App'x. 249, 253 (4th Cir. 2006). "[A] particular expectancy must exist and it must be reasonably certain that absent the defendant's misconduct, the plaintiff would have realized the expectancy." *Cox*, 2015 WL 1640513, at *5 (citing *N.Y. Carpet World Inc. v. Grant*, No. 89-2771, 1990 WL 123871 (4th Cir. Aug. 28, 1990).) Important in this case, "an action for tortious interference with a contract or business expectancy . . . does not lie against parties to the contract, but only lies against those outside the contractual relationship, i.e., strangers to the contract or business expectancy." *Francis Hosp., Inc. v. Read Props., LLC*, 296 Va. 358, 365, 820 S.E.2d 607, 610 (2018).

---

[3] Improper methods include illegal or independently tortious conduct, violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, and breach of fiduciary relationship. *Duggin v. Adams*, 234 Va. 221, 227, 360 S.E.2d 832, 836 (1987). Improper methods may also include sharp dealing, overreaching, unfair competition, and other violations of an established standard of the trade or profession. *Id.* at 228, 360 S.E.2d at 837.

4

*B. Analysis*

A party cannot interfere with its own business expectancy. Thus, to state a claim for tortious interference against Rebkee, the Complaint must allege facts showing that Rebkee interfered with MEB and Clark Nexsen's reasonably certain business with a third party—here, Henrico. That is where the Complaint fails. The facts in the Complaint show, at most, that MEB and Clark Nexsen had a business expectancy with Rebkee, not Henrico.

First, although MEB and Clark Nexsen allege that Henrico encouraged Rebkee to work with them on the Project, they do not allege that Henrico selected them for the Project. Instead, they say that MEB submitted proposals to *Rebkee*, and *Rebkee* selected them for the Project. In tortious interference claims, "[t]here must be a 'triangle'—a plaintiff, an *identifiable* third party who wished to deal with the plaintiff, and the defendant who interfered with the plaintiff and the third party." *Hayes v. Northern Hills Gen. Hosp.*, 590 N.W.2d 243, 248 (1999). Here, the facts in the Complaint seem to indicate a linear relationship: MEB and Clark Nexsen reported to Rebkee, and Rebkee reported to Henrico.

Second, although the Complaint does not clearly explain the relationship between Henrico and MEB and Clark Nexsen, it fails to show a relationship that could support a business expectancy. For example, the facts in the Complaint show MEB and Clark Nexsen did work for the Project in response to requests from Rebkee, not requests from Henrico.[4] And although Rebkee

---

[4] Although the overall project provided designs for Henrico's multisport and convocation center, and Henrico occasionally attended tours and meetings, Rebkee—not Henrico—requested designs and cost estimates. (*See* ECF No. 1 ¶ 16 ("*At R[ebkee]'s request*, Clark Nexsen created several iterations of schematic designs, renderings, and technical drawings . . . Clark Nexsen marked the Drawings 'Propriety and Confidential' before providing *to R[ebkee]*.") (emphases added); *see also id.* ¶ 28 ("Following its March 12, 2020, meeting with Henrico County, *R[ebkee] requested* Clark Nexsen make changes to the drawings. Clark Nexsen made the requested changes and provided the additional Drawings *to R[ebkee]* for presentation to Henrico County on May 11, 2020.") (emphases added).)

allegedly referred to MEB and Clark Nexsen as part of the "team" working on the Project, that alone does not establish a business expectancy with Henrico. (ECF No. 1, ¶ 20.) Also, MEB and Clark Nexsen submitted two proposals to Henrico for the Project, and Henrico did not select either submission. Finally, Henrico continued to work with Rebkee and the new designer. In sum, the facts MEB and Clark Nexsen allege do not show that they had a relationship with Henrico that could support a reasonable expectation of business.

Because MEB and Clark Nexsen do not plead facts that show a business expectancy existed between them and Henrico, their claim for tortious interference of business expectancy fails.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Rebkee's motion to dismiss Count IV. An appropriate Order shall issue.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: 6 April 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge